116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Onsi Amin Tadors MALATY, aka Amir M. MARQUS, Defendant-Appellant.
 No. 95-50315.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 23, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-94-00933-TT(GK)-1; Dickran M. Tevrizian, District Judge, Presiding
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Onsi Malaty appeals his thirty-seven-month sentence following his jury trial conviction for conspiracy to defraud the United States Internal Revenue Service under 18 U.S.C. §§ 287, 371, 1341; presenting false claims to a government agency under 18 U.S.C. § 287; and mail fraud under 18 U.S.C. § 1341. Malaty contends the district court erred by: 1) increasing his base offense level by eleven levels pursuant to U.S.S.G. § 2F1.1 (1994) based on the amount of the intended loss involved in the offense; and 2) ordering him to pay $312,396.54 in restitution when he does not have the future ability to pay. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Sablan, 92 F.3d 865, 869 (9th Cir.1996). "[I]f an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." U.S.S.G. § 2F1.1, comment. (n.7); see also United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991). In order to impose an upward adjustment based on intended loss, the district court has to find only that the defendant attempted to inflict the loss. See United States v. Joetzki, 952 F.2d 1090, 1096 (9th Cir.1991).
 
 
 4
 Here, Malaty filed fraudulent federal and state tax returns claiming refunds totalling approximately $897,046.00. Malaty received $312,396.54 based on these false returns. The district court correctly used the total amount Malaty attempted to receive from his fraudulent scheme to calculate the intended loss. Thus the district court appropriately imposed an eleven-level upward adjustment because the fraud involved over $800,000. See Koenig, 952 F.2d at 271.
 
 
 5
 Malaty did not object to the order of restitution in the district court, therefore, we review for plain error. See United States v. Zink, 107 F.3d 716, 718 (9th Cir.1997) (holding that restitution orders are generally reviewed for abuse of discretion, but if defendant fails to object to order court reviews for plain error). Because none of the recognized exceptions to the waiver doctrine are applicable, we determine only whether there was an obvious error affecting substantial rights. See id.
 
 
 6
 The district court must consider the factors listed in 18 U.S.C. § 3664(a) when considering a restitution order, but the court is not required to make findings of fact. See United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). In reviewing restitution orders, the record must reflect "that the district judge had at its disposal information bearing on the considerations enumerated in section 3664," and there must be some indication that the judge gave thought to the relevant information. See id.
 
 
 7
 The presentence report contained details on Malaty's financial resources, child, and employment history, but Malaty failed to provide a Personal Financial Statement or to account for the disposition of the money he obtained. The judge was aware that Malaty owned interest in two homes valued at $202,429 and acknowledged that Malaty had a son in Egypt who was in the custody of his ex-wife. Also, the presentence report contained information about Malaty's employment history and that he had earned a Bachelor of Science degree. The record shows the district court reviewed and considered the presentence report and thus considered the relevant factors in § 3664(a) before ordering restitution in the amount of $312,396.54. See id. at 611-612.
 
 
 8
 The restitution order is also not a highly prejudicial error affecting Malaty's substantial rights because he can obtain an extension of time or a remittitur at the end of his three-year supervised release if he has "made a good-faith effort at payment, but is unable to pay the full amount." See United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992) (holding the district court's restitution order was justified because the defendant could petition the court for a remittitur or extension if, at the end of probation, he illustrates that he made a good-faith effort but could not pay the total amount). The district court did not commit plain error by imposing restitution. See id.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3